IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL S. ZIEGLER,

      Plaintiff,          ORDER

  v.               13-cv-410-wmc

DEBORAH McCULLOCH, DR. JAMES LOVAS,
GRETCHEN AZARIAN and CINDY SELTZNER,

      Defendants.

---

  Plaintiff Michael Ziegler is currently subject to civil commitment at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, pursuant to Wis. Stat. ch. 980 and Wis. Stat. § 51.61. Ziegler has filed a civil action under 42 U.S.C. § 1983, challenging the conditions of his confinement. He has submitted motions for leave to proceed *in forma pauperis* and for appointment of counsel. The court cannot consider either motion because it lacks information regarding Zeigler's eligibility for indigent status.

  This court uses one formula for determining whether an institutionalized litigant is entitled to proceed *in forma pauperis*, even in cases that are not subject to the mandatory fee provisions found in the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b). *See Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999) (approving the district court's incremental fee-collection formula for non-PLRA cases). Under this formula, the court will consider a copy of the plaintiff's resident account statement for the six months preceding his complaint, calculating 20% of the average monthly balance and comparing that amount with 20% of the average monthly income. The plaintiff will be required to pay whichever amount is greater toward the $400 filing fee before his case can proceed. Plaintiff qualify for indigent status with respect to the remainder of the fee. (The federal *in forma pauperis* statute does not

permit a court to waive plaintiff's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee.)

Plaintiff has not provided a certified copy of his resident account statement along with his motion for leave to proceed *in forma pauperis*. He must do so if he intends to pursue his request. Because plaintiff's complaint was executed on June 9, 2013, his resident account statement should cover the preceding six-month period, from June 9, 2013 through approximately December 9, 2012. If plaintiff fails to submit the required statement within the deadline set below, the court will assume he does not wish to proceed with this action and his case will be dismissed.

ORDER

IT IS ORDERED that, no later than July 8, 2013, plaintiff Michael Ziegler shall submit a certified copy of his resident account statement for the six-month period from the date of the complaint, June 9, 2013, through approximately December 9, 2012. Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, his case will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a).

Entered this 12th day of June, 2013.

BY THE COURT:

PETER OPPENEER
Magistrate Judge